# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LUXOTTICA GROUP S.p.A.,

          Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

          Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Luxottica Group S.p.A. ("Luxottica" or "Plaintiff"), hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, offering for sale, selling, and/or distributing goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through various Internet based e-commerce stores operating under the seller names set forth on Schedule "A" hereto (collectively the "E-commerce Store Names"). In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims

because those claims are so related to the federal claims that they form part of the same case or controversy.

2.  Each Defendant is subject to personal jurisdiction in this district, because each Defendant directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, through at least, e-commerce stores[1] accessible and doing business in Florida and operating under their E-commerce Store Names. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.  Luxottica Group S.p.A.[2] is a corporation organized under the laws of Italy with its principal place of business in Milan, Italy, and an office in the United States located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, and for years has been, a global leader in

---

[1] Certain Defendants use their E-commerce Store Names in tandem with electronic communication via private messaging applications to complete their offer and sale of counterfeit and infringing Plaintiff-branded products. Specifically, consumers are able to browse listings of Plaintiff-branded products online via the respective Defendant's E-commerce Store Name, ultimately directing customers to send inquiries, exchange data, and complete purchases via electronic communication with the respective Defendant.

[2] Luxottica Group S.p.A., is a related ultimate subsidiary of EssilorLuxottica S.A., a French corporation.

the design, manufacture and distribution of fashion, sports and performance eyewear. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this district, a variety of high-quality goods and sports eyewear products under multiple world-famous common law and federally registered trademarks, including but not limited to the RAY-BAN® family of marks, as discussed in Paragraph 15 below. Plaintiff offers for sale and sells its trademarked goods through various channels of trade within the State of Florida, including this district, and throughout the United States. Defendants, through the offer for sale and sale of counterfeit and infringing versions of Plaintiff's branded products, are directly and unfairly competing with Plaintiff's economic interests in the United States, including the State of Florida, and causing Plaintiff irreparable harm and damage within this jurisdiction.

5.     Like many other famous trademark owners, Plaintiff suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with Plaintiff's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which it operates.

6.     To combat the indivisible harm caused by the concurrent actions of Defendants and others engaged in similar conduct, each year Plaintiff expends significant resources in connection with trademark enforcement efforts. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires Plaintiff to expend significant resources across a wide spectrum of efforts in order to

protect both consumers and it from confusion and the erosion of the goodwill embodied in Plaintiff's brand.

## THE DEFENDANTS

7.      Defendants are individuals, business entities of unknown makeup, or unincorporated associations, each of whom, upon information and belief, likely either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers, warehouses, and/or storage facilities within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial Internet based e-commerce stores under the E-commerce Store Names.

8.      Certain Defendants operate under their respective E-commerce Store Name in tandem with electronic communication via private messaging applications and/or services, thereby creating an interconnected ecosystem which functions as an online marketplace operation.

9.      Defendants use aliases in connection with the operation of their businesses.

10.     Defendants are the past and present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of Plaintiff's trademarks as described herein.

11.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods, each bearing and/or using counterfeits and infringements of one or more of Plaintiff's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the E-commerce Store Names, as well as

additional e-commerce store or seller identification aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing branded versions of Plaintiff's branded goods into the State.

12.     Defendants have registered, established or purchased, and maintained their E-commerce Store Names. Defendants may have engaged in fraudulent conduct with respect to the registration of the E-commerce Store Names by providing false and/or misleading information during the registration or maintenance process related to their respective E-commerce Store Names. Some Defendants have anonymously registered or maintained their E-commerce Store Names for the sole purpose of engaging in unlawful infringing and counterfeiting activities.

13.     Defendants will likely continue to register or acquire new e-commerce store names, or other aliases, as well as related payment accounts, for the purpose of selling and offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless enjoined.

14.     Defendants' E-commerce Store Names, associated payment accounts, and any other alias e-commerce store names and/or seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are the means by which Defendants further their counterfeiting and infringing schemes and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's famous name and associated trademarks to drive Internet consumer traffic to at least one of their e-commerce stores operating under the E-commerce Store Names, thereby increasing the value of the E-commerce Store Names and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

15.     Plaintiff is the owner of all rights in and to the following trademarks which are valid

and registered on the Principal Register of the United States Patent and Trademark Office (the

"RAY-BAN Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| G-15 | 0,590,522 | June 1, 1954 | IC 009. Sunglasses and ophthalmic lenses. |
| WAYFARER | 0,595,513 | September 21, 1954 | IC 009. Sunglasses. |
| *Ray-Ban* | 0,650,499 | August 20, 1957 | IC 009. Sunglasses, shooting glasses, and ophthalmic lenses. |
| RAY-BAN | 1,080,886 | January 3, 1978 | IC 009. Ophthalmic products and accessories-namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles. |
| *Ray-Ban* | 1,093,658 | June 20, 1978 | IC 009. Ophthalmic products and accessories; namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles; and cases and other protective covers for sunglasses, eyeglasses, and spectacles. |
| *Ray-Ban* (circular logo) | 1,320,460 | February 19, 1985 | IC 009. Sunglasses and carrying cases therefor. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| LUXOTTICA ☆☆ | 1,511,615 | November 8, 1988 | IC 009. Eyeglasses, sunglasses, temples and eyeglass frames. |
| CLUBMASTER | 1,537,974 | May 9, 1989 | IC 009. Sunglasses. |
| Ray-Ban | 1,726,955 | October 27, 1992 | IC 018. Bags; namely, tote. IC 021. Cloths for cleaning ophthalmic products. |
| RB | 2,971,023 | July 19, 2005 | IC 009. Sunglasses, eyeglasses, eyeglass lenses. |
| Ray-Ban | 3,522,603 | October 21, 2008 | IC 009. Sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, and cases for eyeglasses. |

The RAY-BAN Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the RAY-BAN Marks are attached hereto as Composite Exhibit "1."

16.    The RAY-BAN Marks have been used in interstate commerce to identify and distinguish Plaintiff's high-quality goods for an extended period of time.

17.    The RAY-BAN Marks have been used in commerce by Plaintiff long prior in time to Defendants' use of copies of those Marks. The RAY-BAN Marks have never been assigned or licensed to any of the Defendants in this matter.

18.     The RAY-BAN Marks are symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned. Plaintiff has carefully monitored and policed the use of the RAY-BAN Marks.

19.     The RAY-BAN Marks are well known and famous and have been for many years. Plaintiff expends substantial resources developing, advertising, and otherwise promoting the RAY-BAN Marks. The RAY-BAN Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

20.     Further, Plaintiff has extensively used, advertised, and promoted the RAY-BAN Marks in the United States in association with the sale of high-quality goods. Plaintiff expends substantial resources promoting the RAY-BAN Marks and products bearing the RAY-BAN Marks on the Internet and via the official website, www.ray-ban.com.

21.     As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing or sold using the RAY-BAN Marks as being high quality goods sponsored and approved by Plaintiff.

22.     Accordingly, the RAY-BAN Marks have achieved secondary meaning among consumers as identifiers of Plaintiff's high-quality goods.

23.     Genuine goods bearing and/or using the RAY-BAN Marks are widely legitimately advertised and promoted by Plaintiff, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to Plaintiff's overall marketing and consumer education efforts. Thus, Plaintiff expends significant monetary and other resources on Internet marketing and consumer education, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow Plaintiff and its authorized retailers to educate

consumers fairly and legitimately about the value associated with the RAY-BAN Marks and the goods sold thereunder, and the problems associated with the counterfeiting of the RAY-BAN trademarks.

**Defendants' Infringing Activities**

24.     Defendants are each promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the RAY-BAN Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the E-commerce Store Names. Specifically, Defendants are each using the RAY-BAN Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the E-commerce Store Names. Defendants are each using identical copies of one or more of the RAY-BAN Marks for different quality goods. Plaintiff has used the RAY-BAN Marks extensively and continuously before Defendants began offering goods using counterfeit and confusingly similar imitations of Plaintiff's genuine approved merchandise.

25.     Defendants' Counterfeit Goods are of a quality substantially different than that of Plaintiff's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for Plaintiff's genuine high-quality goods offered for sale by Plaintiff, despite Defendants' knowledge that they are without authority to use the RAY-BAN Marks. Defendants' actions are likely to cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by Plaintiff.

26.     Defendants each advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public via e-commerce stores on, at least, the E-commerce Store Names. In so doing, Defendants each improperly and unlawfully use one or more of the RAY-BAN Marks without Plaintiff's permission.

27.     Defendants are each concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the RAY-BAN Marks. Specifically, Defendants are using counterfeits and infringements of at least one of the RAY-BAN Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both Plaintiff's and non-Plaintiff's goods and information online. By their actions, each Defendant is jointly contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are each causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the RAY-BAN Marks by viewing inferior products in either the pre or post sale setting, and/or (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about their brands via the Internet.

28.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities towards consumers and likely causing unified harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

29.     At all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the RAY-BAN Marks, including its exclusive rights to use and license such intellectual property and the goodwill associated therewith.

30.     Defendants' use of the RAY-BAN Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

31.     Defendants are engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.

32.     Defendants above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, before, during and after the time of purchase. Moreover, each Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

33.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to Plaintiff and the overall consumer market in which they operate because of Defendants' concurrent actions.

34.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Plaintiff.

35.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit

profits from Defendants' trademark counterfeiting and infringing, and unfairly competitive activities connected to their E-commerce Store Names and any other alias e-commerce store names being used and/or controlled by them.

36.    Further, each Defendant, upon information and belief, is likely to transfer or secret its assets to avoid payment of any profits awarded to Plaintiff.

37.    Plaintiff has no adequate remedy at law.

38.    Plaintiff is suffering irreparable injury and has suffered substantial damages because of Defendants unauthorized and wrongful use of the RAY-BAN Marks. If each Defendant's counterfeiting and infringing, and unfairly competitive activities are not enjoined by this Court, Plaintiff and the consuming public will continue to be harmed while each Defendant wrongfully earns a substantial profit.

39.    The harm and damages sustained by Plaintiff has been directly and proximately caused by each Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

40.    Plaintiff hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 39 above.

41.    This is an action for trademark counterfeiting and infringement against each Defendant based on its use of counterfeit and confusingly similar imitations of the RAY-BAN Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

42.    Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of

the RAY-BAN Marks. Defendants are each continuously infringing and inducing others to infringe the RAY-BAN Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing versions of Plaintiff's branded goods.

43.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

44.     Defendants' individual and concurrent unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Plaintiff and are unjustly enriching each Defendant with profits at Plaintiff's expense.

45.     Each Defendant's above-described unlawful actions constitute counterfeiting and infringement of the RAY-BAN Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Plaintiff has suffered and will continue to suffer irreparable injury and damages while Defendants are each unjustly profiting due to their above-described activities if Defendants are not enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

47.     Plaintiff hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 39 above.

48.     Each Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the RAY-BAN Marks have been widely advertised and offered for sale throughout the United States via the Internet.

49.     Each Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the RAY-BAN Marks are virtually identical in appearance to Plaintiff's

genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, each Defendant's activities are likely to cause confusion among consumers as to at least the origin or sponsorship of its Counterfeit Goods.

50. Defendants have each used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

51. Defendants have each authorized infringing uses of one or more of the RAY-BAN Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods they advertise and sell are genuine, non-infringing goods.

52. Additionally, each Defendant is simultaneously using counterfeits and infringements of one or more of the RAY-BAN Marks to unfairly compete with Plaintiff and others for space within organic and paid search engine and social media results. Defendants are thereby jointly (i) depriving Plaintiff of valuable marketing and educational space online which would otherwise be available to Plaintiff and (ii) reducing the visibility of Plaintiff's genuine goods on the Internet and across social media platforms.

53. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54. Plaintiff has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by each Defendant's individual and concurrent conduct.

Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputations, as well as monetary damages, while each Defendant is unjustly profiting.

## COUNT III - COMMON LAW UNFAIR COMPETITION.

55. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

56. This is an action against each Defendant based on its promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks which are virtually identical to one or more of the RAY-BAN Marks, in violation of Florida's common law of unfair competition.

57. Specifically, each Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of the RAY-BAN Marks. Each Defendant is also each using counterfeits and infringements of one or more of the RAY-BAN Marks to unfairly compete with Plaintiff and others for (i) space in search engine and social media results across an array of search terms and/or (ii) visibility on the World Wide Web.

58. Each Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of that Defendant's e-commerce store as a whole and all products sold therein by its use of the RAY-BAN Marks.

59. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages because of each Defendant's individual and concurrent actions, while each Defendant is unjustly profiting due to its above-described activities if not enjoined.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

60.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

61.     Plaintiff is the owner of all common law rights in and to the RAY-BAN Marks.

62.     This is an action for common law trademark infringement against each Defendant based on its promotion, advertisement, offering for sale, and/or sale of its Counterfeit Goods bearing and/or using one or more of the RAY-BAN Marks.

63.     Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the RAY-BAN Marks.

64.     Each Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of that Defendant's goods bearing and/or using the RAY-BAN Marks.

65.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury and damages because of each Defendant's individual and concurrent actions, while each Defendant is unjustly profiting due to its above-described activities if not enjoined.

## PRAYER FOR RELIEF

66.     WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against each Defendant as follows:

        a.      Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining each Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or

promoting, distributing, selling or offering to sell counterfeit goods; from infringing, counterfeiting, or diluting the RAY-BAN Marks; from using the RAY-BAN Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or design that may be calculated to falsely advertise the services or goods of any Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of any Defendant, are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the RAY-BAN Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by any Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent any Defendant's goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's name or trademarks and from otherwise unfairly competing with Plaintiff.

b.      Entry of an injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining each Defendant and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, that Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the RAY-BAN Marks.

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, those acting in concert or participation as service providers to each Defendant, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including, but not limited to, the E-commerce Store Names through which that Defendant engages in the promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the RAY-BAN Marks.

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators, registrars, and/or top level domain (TLD) Registries for the E-commerce Store Names, and any other alias e-commerce store names being used by each Defendant, who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with each Defendant's E-commerce Store Name(s).

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Plaintiff to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by each Defendant in connection with that Defendant's promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the RAY-BAN Marks.

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority authorizing Plaintiff to serve the injunction on the e-commerce store registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose

to Plaintiff the true identities and contact information for the registrants of the E-commerce Store Names.

g.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Plaintiff's request, each Defendant and the top level domain (TLD) Registry for each of the E-commerce Store Names, and any other e-commerce stores used by each Defendant, or its administrators, including backend registry operators or administrators, place the E-commerce Store Names on Registry Hold status for the remainder of the registration period for any such name, thus removing them from the TLD zone files which link the E-commerce Store Names, and any other e-commerce store names being used and/or controlled by each Defendant, to the IP addresses where the associated e-commerce stores are hosted.

h.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Plaintiff's election, transferring the E-commerce Store Names and any other e-commerce store names used by each Defendant to engage in their counterfeiting of the RAY-BAN Marks at issue to Plaintiff's control so they may no longer be used for unlawful purposes.

i.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring each Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to its E-commerce Store Name(s), and any other e-commerce store names used by that Defendant, to Plaintiff and, if within five (5) days of entry of such Order that Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at that Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

j.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring each Defendant, its agent(s) or assign(s), to instruct in writing all search engines to permanently delist or deindex the E-commerce Store Name(s), and any other e-commerce store names used by that Defendant, and, if within five (5) days of entry of such Order that Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at that Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Plaintiff's request, any messaging service, Internet marketplace and social media website operators and/or administrators who are provided with notice of an injunction issued by the Court, permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the RAY-BAN Marks via the e-commerce stores operating under the E-commerce Store Names, and upon Plaintiff's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the RAY-BAN Marks associated with or linked to the same sellers or linked to any other alias e-commerce store names being used and/or controlled by each Defendant to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the RAY-BAN Marks.

l.      Entry of an Order requiring, upon Plaintiff's request, each Defendant to request in writing permanent termination of any messaging services, usernames, e-commerce store names, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, and social media website.

m.      Entry of an Order requiring each Defendant to account to and pay Plaintiff for all profits and damages resulting from that Defendant's trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or that Plaintiff be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

n.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

o.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Plaintiff's request, each Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names, or other alias identification names used by each Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

p.      Entry of an Order requiring each Defendant, at Plaintiff's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of that Defendant's products,

including without limitation, the placement of corrective advertising and providing written notice to the public.

     q.  Entry of an award of pre-judgment interest on the judgment amount.

     r.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 9, 2025.   Respectfully submitted,

           STEPHEN M. GAFFIGAN, P.A.

           By: **Stephen M. Gaffigan**
           Stephen M. Gaffigan (Fla. Bar No. 025844)
           Virgilio Gigante (Fla. Bar No. 082635)
           T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
           Olga Zaynetdinova (Fla. Bar No. 1056427)
           401 East Las Olas Blvd., Suite 130-453
           Ft. Lauderdale, Florida 33301
           Telephone: (954) 767-4819
           E-mail: Stephen@smgpa.cloud
           E-mail: Leo@smgpa.cloud
           E-mail: Raquel@smgpa.cloud
           E-mail: Olga@smgpa.cloud

           Attorneys for Plaintiff

## SCHEDULE "A"

**[This page is the subject of Plaintiff' Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**