UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-62533-CIV-DIMITROULEAS

LUXOTTICA GROUP S.p.A.,

       Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

       Defendants.
_____/

## PLAINTIFF'S VERIFIED RESPONSE TO THE COURT'S OMNIBUS ORDER

Plaintiff, Luxottica Group S.p.A. ("Plaintiff"), by and through its undersigned counsel, hereby submits this verified response to the Court's Omnibus Order, dated December 11, 2025, [DE 4]. In support thereof, Plaintiff states as follows:

1. On November 10, 2025, my firm conducted a search on the Public Access To Court Electronic Records ("PACER") of case filings through the United States case index search, in compliance with the Court's Omnibus Order, and confirmed Plaintiff has not filed against the Defendants at issue in any other district.

2. Additionally, to further comply with the Court's Omnibus Order, Plaintiff is filing its Motion to Seal, [DE 8], using the CM/ECF events specifically earmarked for a motion to seal. Plaintiff's Motion to Seal requests the Court allow two documents to be filed under seal: (i) Schedule A to Plaintiff's Complaint; and (ii) Summonses as to Defendants. In compliance with L.R. 5.4(b), Plaintiff's Motion to Seal sets forth the factual and legal basis for departing from the policy that Court filings are public and describes the documents to be sealed without attaching or revealing the content of the proposed sealed material. To that end, Plaintiff's Complaint notes that

Schedule "A" has been redacted pursuant to L.R. 5.4(b)(1) as that section is the subject of Plaintiff's Motion to File Under Seal. (See [DE 1] at p. 23.)

3. Plaintiff has also prepared an *Ex Parte* Application seeking temporary *ex parte* relief and an *Ex Parte* Motion for alternate service under Federal Rule of Civil Procedure 4(f)(3) pursuant to L.R. 5.4(d) using the CM/ECF events specifically earmarked for *ex parte* filings, which requires, unless the Court directs otherwise, that *ex parte* filings be restricted from public view. These motions are being filed separately at [DE 9] and [DE 10], contemporaneously herewith.

4. As noted in Plaintiff's *Ex Parte* Application, filed at [DE 9], Plaintiff has verified that this Court has personal jurisdiction over each Defendant. Plaintiff's Complaint alleges the Court has personal jurisdiction over each defendant, because each Defendant is a non-resident of the United States and has offered to sell counterfeit RAY-BAN branded goods to consumers in this district. (Compl. ¶¶ 2-3, 7, 11, 28.) The Eleventh Circuit has held that Florida's long-arm statute permits jurisdiction over a nonresident defendant who commits a tort outside of the state that causes injury inside the state. Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008). Further, the Eleventh Circuit has specifically stated that trademark claims under the Lanham Act allege tortious acts for long-arm purposes. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1353 (11th Cir. 2013).

5. Additionally, Plaintiff's *Ex Parte* Application sets forth the requisite elements and establishes entitlement to the relief with regard to each Defendant.

6. Moreover, because Plaintiff is filing its Application at [DE 9] without notice to Defendants, Plaintiff is attaching the Declaration of T. Raquel Wiborg-Rodriguez, who is Plaintiff's counsel, to its Application to certify why *ex parte* relief is warranted and the reasons as to why notice to Defendants in this matter should not be required. (See [DE 9-3] at ¶ 4.)

7. Plaintiff's *Ex Parte* Motion for alternate service under Federal Rule of Civil Procedure 4(f)(3), filed at [DE 10], encompasses the Court's requirements for such motions and attaches sworn declarations regarding each Defendant's purported domicile and the efforts Plaintiff has undertaken to verify any physical addresses. Plaintiff's *Ex Parte* Motion for alternate service further specifies the form of alternate service being requested and whether these forms are permitted by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents as to each Defendant's purported domicile.

8. Accordingly, Plaintiff respectfully submits its motion at [DE 8], and its *Ex Parte* Applications, filed at [DE 9] and [DE 10], are being filed in compliance with the terms of the Court's Omnibus Order.

DATED: December 16, 2025.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **T. Raquel Wiborg-Rodriguez**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
Olga Zaynetdinova (Fla. Bar No. 1056427)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
E-mail: Olga@smgpa.cloud

Attorneys for Plaintiff

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed the 16th day of December 2025, at Hollywood, Florida.

_____
T. Raquel Wiborg-Rodriguez